IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY F. FABELA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF COMMISSIONER<br><br>Case No. 2:14-cv-205<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Mary F. Fabela ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied her application for Social Security Disability Benefits and .  On February 18, 2015, the Court held oral argument on the administrative record.  Plaintiff was represented by Mr. Richard A. Williams and Defendant Carolyn W. Colvin ("Defendant") was represented by Ms. Christina J. Valerio, Special Assistant U.S. Attorney admitted *pro hac vice*.  For the reasons set forth below and as stated on the record at the conclusion of the oral argument, the Court AFFIRMS the decision of Commissioner.

## **PROCEDURAL HISTORY**

On December 7, 2010, Plaintiff filed applications for period of disability, disability insurance benefits and supplemental security income.  Plaintiff's main complaint that she believes qualifies her for disability benefits is a seizure disorder.

---

[1] Docket no 14.

On December 27, 2012, the ALJ issued his written decision denying Plaintiff benefits. On February 10, 2014, the Appeals Council denied Plaintiff's claim.[2] Thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Defendant") and this appeal followed.[3]

### A. The ALJ's Decision

The ALJ found at Step One that Plaintiff has not engaged in substantial gainful activity since November 22, 2008—the alleged onset date. At Step Two, the ALJ found Plaintiff had two severe impairments: seizure disorder and obesity. However, the ALJ did not find Plaintiff's condition met or medically equaled any of the Listings. In his discussion of the Listings, the ALJ looked specifically at Listings 11.00-11.03 "Epilepsy." The ALJ found Plaintiff did not meet a Listing primarily because there was no objective evidence Plaintiff suffered from seizures. Specifically, the ALJ reasoned "[w]hile Dr. Constantino asserted and the claimant testified that she had both convulsive and "confusional" seizures, she could never give an objective description of the seizures because there is no evidence of a single seizure being witnessed."[4] Further,

> [i]n her opinion of January 26, 2011, Dr. Constantino listed a VEP test as objective evidence of the claimant's seizure disorder. A VEP or visual evoked potential test is for diagnosing MS and testing the vision of those who cannot read eye charts. It was most likely administered to the claimant well prior to the alleged onset date when she had left-eye deviance and there was medical concern of M.S. The VEP test is medically insufficient to prove the existence, let alone the type or frequency of seizures. As the claimant has failed to establish objectively the type and frequency of seizures, I cannot find that she met or equaled listing 11.02 or 11.03.[5]

Next, the ALJ found Plaintiff had the following RFC:

---

[2] Tr. at 1.
[3] Id.
[4] Tr. at 25.
[5] Id.

2

> …the claimant has the residual functional capacity to perform sedentary work…excepted limited to unskilled work, with no climbing or descending full flights of stairs (but a few steps up or down not precluded), with no working around dangerous unprotected heights, machinery, or chemicals, and with access to a nearby restroom for quick access and the option to take the maximum number of restroom breaks allowed (i.e in addition to the standard breaks and lunch, 1-2 additional breaks in the a.m. and 1-2 additional restroom breaks in the p.m. of about five minutes each).  The claimant is capable of no more than low-stress-level work (i.e. no working with the general public and with only occasional contact with supervisors and co-workers, but still having the ability to respond appropriately to supervision, co-workers and usual, routine work situations). She is capable of no more than low-concentration-level work (i.e. the ability to be alert, attentive to and adequately perform only unskilled work tasks).  She is capable of no more than low-memory work (i.e. the ability to understand, remember and carry out only "simple" work instructions and to remember and use good judgment in making only simple work-related decisions).  Note: the limitations regarding stress, concentration and memory relate to the symptoms claimant alleges from her "seizures."[6]

At Step Four, the ALJ found Plaintiff to be unable to perform any past relevant work[7]; however, at Step Five, the ALJ found Plaintiff could perform the jobs of Cutter and Paster, Touch-up Screener, and Final Assembler.[8]   Thus, Plaintiff was found not to be under a disability consistent with the Social Security Act.[9]

## **FINDINGS**[10]

Based upon review of the administrative record, arguments made by counsel in their briefs and during oral argument, and relevant case law, this Court concludes that the ALJ's decision is supported by substantial evidence. There is sufficient evidence in the record to support the ALJ's determinations that claimant's allegations were not credible and that her treating physicians' opinions were not entitled to controlling weight. Likewise, the ALJ's Step

---

[6] Tr. at 25.
[7] Tr. at 31.
[8] Tr. at 32.
[9] Id.
[10] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record here.

Five findings and Listings determination was supported by substantial evidence. Accordingly, the ALJ's determination is affirmed.

However, the Court makes the following specific findings with regard to each issue raised by Plaintiff in her appeal:

**A. The ALJ properly rejected the opinions of the claimant's treating physician, Dr. Constantino.**

Although the ALJ did not specifically engage in the two-step analysis set forth in recent 10th Circuit case law,[11] the Court finds any error in this regard to be harmless because the ALJ's opinion clearly demonstrates that controlling weight was not afforded to Dr. Constantino's opinion and her opinion was given little weight for reasons that are supported by substantial evidence in the record.[12] Namely, Dr. Constantino's opinion was internally inconsistent, relied heavily upon Plaintiff's subjective complaints, lacked objective medical evidence to support her findings and improperly opined as to issues reserved to the Commissioner. In addition, the ALJ's reasoning with regard to Dr. Constantino's reliance on the VEP test is supported by substantial evidence. The Court agrees with the ALJ that "the VEP test is medically insufficient to prove the existence, let alone the type or frequency of the Plaintiff's seizures."[13] Thus, the ALJ made clear how much weight Dr. Constantino's opinion was being given and provided good reasons sufficiently tied to the factors for the weight he assigned.

Further, the Court finds the ALJ did not err by not calling a medical expert because the record did not contain any ambiguity that reached a level where the ALJ could not make a reasoned decision.

---

[11] See Krauser v. Astrue, 638 F.3d 1324 (10th Cir. 2011); Chrismon v. Colvin, 531 Fed App'x 893 (10th Cir. 2013).
[12] See Tarpley v. Colvin, No. 14-1110 (10th Cir. Feb. 4, 2015)(unpublished).
[13] Tr. at 25.

4

B. **The ALJ did not err in rejecting Plaintiff's subjective complaints.**

As Defendant points out, the ALJ provided valid reasons to find Plaintiff not to be credible. Namely, claimant's testimony about her condition conflicts with laboratory findings and objective findings. As the ALJ noted, Plaintiff had a two year gap in treatment in the United States and was not compliant with her medication regime. The Court finds Plaintiff's arguments with regard to inability to be pay for treatment to be unpersuasive and unsupported by the record.

C. **The ALJ did not err in finding Plaintiff did not meet a Listing.**

In his opinion, the ALJ found claimant failed to establish objectively the type and frequency of seizures in order to meet Listings 11.02 or 11.03. The Court finds no error in the ALJ's listing analysis. Specifically, the Court agrees with the arguments made Defendant at oral argument that Plaintiff does not meet the Listings for three reasons: (1) there is no medical documentation of any seizures. The EEGs performed in the United States were all normal; (2) there is no blood serum test results that demonstrate Plaintiff was on an anti-seizure medication regime for at least three months and (3) it is not clear that Plaintiff's testimony relating to her seizure patterns that her seizures meet what is required by the listings. Therefore, the Court finds substantial evidence supports the ALJ's findings that Plaintiff did not meet Listings

D. **The ALJ did not err in his Step Five Analysis.**

As to the last issue raised by Plaintiff, the Court finds the VE properly based her determination on her experience and the Plaintiff has failed to carry her burden in demonstrating which social security regulation or policy was not followed. In addition, The ALJ's hypothetical in this case contained the limitations ultimately included in the RFC assessment and the VE's testimony constituted substantial support for the ALJ's conclusion that the Plaintiff was not disabled.

## **CONCLUSION & ORDER**

Therefore**,** for the foregoing reasons, the Court finds is not persuaded by Plaintiff's arguments and remand for further proceedings are not warranted.  The ALJ's opinion is supported by substantial evidence.   Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is AFFIRMED.

DATED this 19 February 2015.

_____
Brooke C. Wells
United States Magistrate Judge